Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
Lindsey N. Heaton - 269688
ELLIS LAW GROUP, LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislawgrp.com
lheaton@ellislawgrp.com

Attorneys for Defendant JR DIRECT FUNDING

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER KURTZ,<br><br>  Plaintiff,<br><br>v.<br><br>JR DIRECT FUNDING,<br><br>  Defendant. | Case No.: 12CV2979-DMS-BLM<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL** |

Defendant JR DIRECT FUNDING (hereinafter "Defendant") hereby responds to Plaintiff's Complaint as follows:

  1. As to paragraph 1, Defendant denies all allegations therein.

  2. As to paragraph 2, Defendant does not contest jurisdiction but denies that declaration relief is available.

  3. As to paragraph 3, Defendant admits this allegation.

  4. As to paragraph 4, Defendant denies these allegations.

  5. As to paragraph 5, Defendant denies these allegations.

  6. As to paragraph 6, Defendant denies these allegations.

  7. As to paragraph 7, Defendant denies these allegations.

8. As to paragraph 8, Defendant denies these allegations.

9. As to paragraph 9, Defendant denies that it threatened any garnishment proceedings.

10. As to paragraph 10, Defendant denies these allegations.

11. As to paragraph 11, Defendant denies that it made any representations to plaintiff.

12. As to paragraph 12, Defendant denies these allegations.

13. As to paragraph 13, Defendant denies that it threatened to commence seizure proceedings.

14. As to paragraph 14, Defendant denies these allegations.

15. As to paragraph 15, Defendant denies these allegations.

16. As to paragraph 16, Defendant denies these allegations.

17. As to paragraph 17, Defendant denies these allegations.

18. As to paragraph 18, Defendant denies these allegations.

19. As to paragraph 19, Defendant denies these allegations.

20. As to paragraph 20, Defendant denies these allegations.

21. As to paragraph 21, Defendant denies these allegations.

22. As to paragraph 22, Defendant re-asserts its responses to the previous paragraphs as if stated herein in full.

23. As to the second paragraph 21, Defendant denies these allegations.

24. As to the second paragraph 22, Defendant denies these allegations.

25. As to paragraph 24, Defendant re-asserts its responses to the previous paragraphs as if stated herein in full.

26. As to paragraph 25, Defendant denies these allegations.

27. As to paragraph 26, Defendant denies these allegations.

28. As to paragraph 27, Defendant denies these allegations.

29. As to plaintiff's prayer for relief, Defendant denies that plaintiff is entitled to any of the relief requested.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

### FIRST AFFIRMATIVE DEFENSE

30. Plaintiff's Complaint (and the causes of action alleged therein) fails to state facts sufficient to constitute a cause of action as to the answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

31. Defendant alleges that the Complaint, and each cause of action therein, is barred in whole or part, by the applicable statute of limitations including 15 U.S.C. § 1692k(d) and Civil Code § 1788.30(f).

### THIRD AFFIRMATIVE DEFENSE

32. Defendant alleges that Plaintiff was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to his injuries and/or damages the claims against defendant should be reduced or eliminated.

### FOURTH AFFIRMATIVE DEFENSE

33. Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, and/or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against this Defendant should be reduced or eliminated.

### FIFTH AFFIRMATIVE DEFENSE

34. Defendant alleges that Plaintiff failed and neglected to use reasonable care to protect himself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

35. Defendant alleges that it has no civil liability under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.*, pursuant to 15 U.S.C. § 1692k(c), or the Rosenthal FDCPA, Cal. Civ. Code §§ 1788, *et seq.*, pursuant to Cal. Civ. Code § 1788.30(e) as any violation was unintentional and resulted from the maintenance of procedures reasonably adopted to avoid any such violation.

### SEVENTH AFFIRMATIVE DEFENSE

36. Plaintiff's Complaint (and the causes of action alleged therein) is barred by the

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL

doctrines of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

37. Defendant alleges the following affirmative defenses, including, but not limited to, those set forth in **Federal Rule of Civil Procedure 8(c)**, so as not to waive them at this time: assumption of risk, duress, failure of consideration, fraud, illegality, license, *res judicata*, failure to join an indispensable party, release, laches, and abatement.

## NINTH AFFIRMATIVE DEFENSE

38. Defendant presently has insufficient knowledge of information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for:

1. That Plaintiff takes nothing from this answering Defendant by this Complaint;
2. That Defendant be awarded judgment in this action;
3. For attorneys' fees incurred herein, pursuant to statute;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems proper.

Dated: February 1, 2013

ELLIS LAW GROUP, LLP

By /s/ Andrew M. Steinheimer
Andrew M. Steinheimer
Attorney for Defendant
JR DIRECT FUNDING

# REQUEST FOR JURY TRIAL

Defendant JR DIRECT FUNDING, hereby demands a jury trial in this matter.

Dated: February 1, 2013

                        ELLIS LAW GROUP, LLP

                        By  /s/ *Andrew M. Steinheimer*
                            Andrew M. Steinheimer
                            Attorney for Defendant
                            JR DIRECT FUNDING

# CERTIFICATE OF SERVICE

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 740 University Avenue, Suite 100, Sacramento, CA 95825.

On February 1, 2013, I served the following document(s) on the parties in the within action:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**

| X | **VIA ELECTRONIC SERVICE:** The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

| G. Thomas Martin, III<br>Price Law Group<br>15760 Ventura Boulevard<br>Suite 1100<br>Encino, CA 91436 | Attorneys for Plaintiff<br>KRISTOPHER KURTZ |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on February 1, 2013.

By _____
Jennifer E. Mueller